UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MAX GELLER

VERSUS

CITY OF BATON ROUGE, ET AL.

CIVIL ACTION

NO. 17-324-JWD-EWD

**RULING AND ORDER ON MOTION TO STAY DISCOVERY**

Before the court is a Motion to Stay Discovery[1] filed by defendants, Sid. J. Gautreaux, III, Sheriff of East Baton Rouge Parish ("Sheriff Gautreaux"), and AIX Group, d/b/a/ NOVA Casualty Company ("Nova") (collectively, the "EBRSO Defendants"). The Motion to Stay Discovery is opposed by plaintiff, Max Geller ("Plaintiff"),[2] and the EBRSO Defendants have filed a Reply.[3] For the reasons set forth herein, the Motion to Stay Discovery[4] is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that discovery in this matter, with the exception of written discovery between Plaintiff and the non-moving defendants (*i.e.*, parties other than EBRSO Defendants), is **STAYED** pending resolution of the issues raised in the Motion to Dismiss.[5]

**I.  Background**

This suit arises out of the July 5, 2016 shooting of Alton Sterling and the subsequent protests that occurred in Baton Rouge, Louisiana on July 8-10, 2016. Plaintiff alleges that while participating in a peaceful protest on July 10, 2016 near the intersection of East Boulevard and France Street, he was "brutally attacked and beaten," "arrested, detained, denied medical care and

---

[1] R. Doc. 80.
[2] R. Doc. 90.
[3] R. Doc. 98.
[4] R. Doc. 80.
[5] R. Doc. 83.

1

incarcerated."[6] Plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983,[7] 1985(3),[8] and 1986[9] for alleged violations of his constitutional rights to freedom of speech and assembly[10] and that he was subjected to excessive force, unlawfully arrested, and denied medical care.[11] Plaintiff names the following defendants: (1) the City of Baton Rouge;[12] (2) Carl Dabadie Jr., the former Chief of the BRPD, and Jonathan Dunnam, the Interim Chief of the BRPD, in their official capacities;[13] (3) Sheriff Gautreaux "in his official capacity;"[14] (4) Nova, the alleged insurer of the EBRSO;[15] and (5) "[a] number of Louisiana State Police officers, two of whose identities are presently unknown" who allegedly tackled and assaulted Plaintiff.[16]

Sheriff Gautreaux and Nova have moved to dismiss Plaintiff's Third Amended, Supplemental and Superseding Complaint for Damages for Deprivation of Civil Rights (the "Third

---

[6] R. Doc. 60, Third Amended, Supplemental and Superseding Complaint for Damages for Deprivation of Civil Rights, ¶¶ 13-15. *See also*, R. Doc. 60, ¶ 51 ("The officers threw Max Geller to the ground, slammed his head into the ground, held him down and kicked Mr. Geller.")

[7] *See*, R. Doc. 60, ¶¶ 84-106 (asserting violations of the First, Fourth, Eighth, and Fourteenth Amendment pursuant to 42 U.S.C. § 1983).

[8] *See*, R. Doc. 60, ¶¶ 107-115 (asserting a claim against all defendants for conspiracy to deprive Plaintiff of his civil rights in violation of 42 U.S.C. § 1985(3)).

[9] *See*, R. Doc. 60, ¶¶ (asserting a claim against all defendants for neglecting to prevent deprivation of Plaintiff's civil rights).

[10] *See*, R. Doc. 60, ¶¶ 129-133 (asserting claim for violation of First Amendment rights and retaliation in response to exercise of Plaintiff's First Amendment rights).

[11] R. Doc. 60, ¶¶ 2 & 3. *See also*, R. Doc. 60, ¶ 11 ("Plaintiff, Max Geller, seeks damages for Defendants' unlawful arrest, use of excessive force and denial of medical care by Louisiana State Trooper Jacob R. Brown, Louisiana State Police Officer John Doe Two, Louisiana State Police Officer John Doe Three, Baton Rouge Police Departments ('BRPD') and the East Baton Rouge Sheriff's Office ('EBRSO')"). *See*, R. Doc. 60, ¶¶ 122-128 (arrest without probable cause in violation of the Fourth Amendment); ¶¶ 134-138 (denial of medical care in violation of the Fourth Amendment). *See also*, R. Doc. 60, ¶¶ 152-162 (claims for false imprisonment, malicious prosecution, assault and battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, vicarious liability, and failure to train and supervise under Louisiana law).

[12] R. Doc. 60, ¶ 14.

[13] R. Doc. 60, ¶ 16.

[14] R. Doc. 60, ¶ 18.

[15] R. Doc. 60, ¶ 32.

[16] R. Doc. 60, ¶ 33. Plaintiff specifically named Louisiana State Trooper Jacob R. Brown as well as two unknown Louisiana State Police ("LSP") officers.

Amended Complaint").[17] In support of their Motion to Dismiss, the EBRSO Defendants assert, *inter alia*, that "Plaintiff has not alleged sufficient facts in his Third Amended Complaint to state a Section 1983 claim against Sheriff Gautreaux in his individual capacity that is plausible on its face and he is entitled to qualified immunity."[18] The EBRSO Defendants further assert in support of their Motion to Dismiss that "Nova is only sued as the insurer of the [sic] Sheriff Gautreaux, to the extent that any and/or all claims are dismissed against Sheriff Gautreaux they should also be dismissed against Nova."[19]

On the same day the EBRSO Defendants sought dismissal of Plaintiff's claims,[20] they also filed the instant Motion to Stay Discovery.[21] The EBRSO Defendants assert that in light of the assertion of qualified immunity, all discovery should be stayed until the court rules on their Motion to Dismiss.[22] In opposition to the requested stay, Plaintiff asserts that (1) the Motion to Stay is based on the incorrect "premise that Sheriff Gautreaux has only been sued individually, and might be entitled to qualified immunity in his individual capacity;" and (2) Sheriff Gautreaux's insurer cannot enjoy the benefit of Sheriff Gautreaux's qualified immunity defense.[23]

---

[17] R. Doc. 83.

[18] R. Doc. 83-1, p. 8. *See also*, R. Doc. 83-1, p. 10 ("The plaintiff must allege facts specifically focusing on the conduct of the individual defendants which caused his/her injury. Plaintiffs suing governmental officials in their individual capacities must allege specific conduct by the officials giving rise to a constitutional violation. Personal involvement is an essential element of a cause of action against a public official in his individual capacity.").

[19] R. Doc. 83-1, pp. 34.

[20] *See*, R. Doc. 79 (Motion for Leave to File Memorandum in Excess of Page Limit attaching proposed Motion to Dismiss and in the alternative Motion to Strike Exhibits).

[21] R. Doc. 80.

[22] R. Doc. 80-1, p. 3 ("Defendants object to any and all discovery in this case until this Court has had the opportunity to determine whether Plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.").

[23] R. Doc. 90.

## II. Law and Analysis

### A. It Is Unclear Whether Plaintiff Asserts Claims Against Sheriff Gautreaux in Both His Official and Individual Capacities, and Plaintiffs' Briefing Indicates Claims in Both Capacities

"Qualified immunity shields 'government officials performing discretionary functions' from civil liability for claims under federal law 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[24] Qualified immunity "insulates Government officials only from liability in an individual capacity, but has no effect on liability in an official capacity…."[25] Because "a local governmental entity sued under § 1983 may not assert a good faith immunity defense," "[i]t necessarily follows that since actions for damages against a party in his official capacity are, in essence, actions against the government entity of which the officer is an agent, Government officials sued in their official capacity may not then assert good faith immunity as a defense."[26] Accordingly, when a defendant is sued solely in his or her official capacity, that defendant may not assert the defense of qualified immunity.[27] Where a defendant is sued in both his official and individual capacities, qualified immunity may be asserted as a defense against plaintiff's individual capacity claims.[28]

---

[24] *Randle v. Lockwood*, 666 Fed. Appx. 333, 335 (5th Cir. 2016) (internal citations omitted).

[25] *Universal Amusement Co. v. Hofheinz*, 646 F.2d 996, 997 (5th Cir. 1981).

[26] *Id.* (internal citations omitted).

[27] *Baptiste v. Colonial Sugars, Inc.*, Civ. A. 92-3513, 1995 WL 491153, at * 1 (E.D. La. Aug. 16, 1995) ("With regard to defendant Martin, plaintiffs argue that because he, as Sheriff of St. James Parish, is sued solely in his official capacity, Martin is not entitled to a stay of discovery or any other of the protections of qualified immunity. The Court agrees. Qualified immunity 'does not extend to state officials sued in their official capacities.'") (citing *Mangaroo v. Nelson*, 864 F.2d 1202, 1208 (5th Cir. 1989)); *Simpson v. Hines*, 903 F.2d 400, 404 (5th Cir. 1990) ("Because Chief Lovings is sued in his official capacity only, qualified immunity is not at issue. "); *Simmons v. City of Mamou*, Civil Action No. 09-0663, 2010 WL 4291508, at * 3 (W.D. La. Oct. 26, 2010) ("it is axiomatic the defense of qualified immunity does not apply to either municipalities or government officials sued in their official capacities."). *See also*, *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 146 n. 3 (5th Cir. 1991) ("The district court also reasoned that the suit against Albert Davis in his individual capacity should be dismissed on the basis of qualified immunity. Because Delahoussaye sued officer Davis only in his official capacity, however, the district court's discussion of this issue was unnecessary.").

[28] *See, e.g.*, *Mangaroo*, 864 F.2d at 1207-1208 (noting that qualified immunity had "no relevance" in the context of official capacity claims while considering whether the same defendant sued also in his individual capacity was entitled

In his Third Amended Complaint, Plaintiff explicitly alleges that Sheriff Gautreaux

> is the elected Sheriff of East Baton Rouge Parish, who is sued in his official capacity. As the Sheriff, he is responsible for directing, training and supervising all Sheriff's Office staff and officers. Sheriff Gautreaux is also responsible for operating, directing, supervising and staffing the East Baton Rouge Parish Prison, where Mr. Geller was incarcerated. Sheriff Gautreaux is the policymaker for the East Baton Rouge Parish Sheriff's Office.[29]

In Count 8 of Plaintiff's Third Amended Complaint, Plaintiff also asserts that "[t]he City of Baton Rouge, Chief Dabadie and Sheriff Gautreaux, Louisiana State Trooper Jacob R. Brown, LSP Officer John Doe Two and LSP Officer John Doe Three are not entitled to qualified immunity and are liable to Max Geller under 42 U.S.C. Section 1983 for creating, implementing and maintaining policies of allowing or tolerating the use of excessive police force and not providing adequate medical care."[30] While these allegations seem to establish that Plaintiff sues Sheriff Gautreaux in the Sheriff's official capacity, in Plaintiff's opposition to the EBRSO Defendants' Motion to Dismiss, Plaintiff does not assert that he *only* makes claims against the Sheriff in his official capacity; instead, Plaintiff contends that "[q]ualified immunity is not at issue, because Sheriff Gautreaux is *also* sued in his official capacity."[31] Thus, it is not clear whether Plaintiff is arguing that Sheriff Gautreaux is not entitled to qualified immunity at all (because Plaintiff's only claims against Sheriff Gautreaux are in the Sheriff's official capacity) or whether Plaintiff is arguing that

---

to qualified immunity); *Colbert v. City of Baton Rouge/Parish of East Baton Rouge*, Civil Action No. 17-00028, 2018 WL 344966 (M.D. La. Jan. 8, 2018) (analyzing dismissal of claims against Sheriff Gautreaux in his official capacity separate and apart from analysis of whether claims against Sheriff Gautreaux in his individual capacity were subject to the defense of qualified immunity).

[29] R. Doc. 60, ¶ 18. *See also*, R. Doc. 60, ¶ 29 ("Sheriff Gautreaux, in his official capacity, is vicariously liable for negligence, torts and civil rights violations committed by his officers in the course and scope of their employment.").

[30] R. Doc. 60, ¶ 15.

[31] R. Doc. 93, p. 14 (emphasis added). *See also*, *id.* ("The Motion to Dismiss filed by Sheriff Gautreaux and AIX Group should be denied, because it is based upon the premise that Sheriff Gautreaux has only been sued individually, and might be entitled to qualified immunity in his individual capacity."). In support of their Motion to Dismiss, the EBRSO Defendants assert that "to the extent that Plaintiff is bringing an individual capacity Section 1983 claim against Sheriff Gautreaux, this claim should be dismissed." R. Doc. 83, p. 15.

Sheriff Gautreaux is not entitled to qualified immunity as to Plaintiff's claim against the Sheriff in his official capacity. Whether Plaintiff has asserted a claim against Sheriff Gautreaux that is subject to the potential defense of qualified immunity (*i.e.*, whether Plaintiff has asserted a claim against Sheriff Gautreaux in the Sheriff's individual capacity) is an issue to be decided by the District Judge in the context of the pending Motion to Dismiss.

### B. Discovery in This Suit Should Be Stayed Pending Resolution of the Issues Raised in EBRSO Defendants' Motion to Dismiss

"[Q]ualified immunity constitutes an 'immunity from suit' rather than a mere defense to liability."[32] The issue of qualified immunity should be resolved at the earliest possible stage of litigation because "[o]ne of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive."[33] The Fifth Circuit has long held that an assertion of qualified immunity shields a government official from discovery that is "avoidable or overly broad."[34] Significantly, "it is only when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim,' that an order allowing limited discovery is neither avoidable nor overly broad."[35] Although discovery on the issue of qualified immunity is possible, such discovery "must not proceed until the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity."[36] "If the complaint alleges facts to overcome the defense of qualified

---

[32] *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (en banc) (per curiam)).

[33] *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012).

[34] *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987).

[35] *Wilson v. Sharp*, Civil Action No. 17-84, 2017 WL 4685002, at * 2 (M.D. La. Oct. 17, 2017) (citing *Lion Boulos*, 834 F.2d at 507-508).

[36] *Wicks v. Mississippi State Employment Services*, 41 F.3d 991, 994 (5th Cir. 1995). *See also*, *Baker v. Ephion*, Civil Action 15-838, 2017 WL 3996415, at *2 (M.D. La. Sept. 11, 2017) (staying discovery in light of defendant's asserted qualified immunity defense and explaining that "discovery on the issue of qualified immunity 'must not proceed until

immunity, the district court may then proceed under *Lion Boulos* to allow the discovery necessary to clarify those facts upon which the immunity defense turns."[37]

Accordingly, the Fifth Circuit has "established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."[38] "First, the district court must determine that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity. Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity."[39] "When reviewing a complaint that meets this standard, the district court may defer its qualified immunity ruling and

---

the district court *first* finds that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.") (citing *Wicks*); *Lee v. Ard*, Civil Action No. 17-23, 2017 WL 5349493, at * 7 (M.D. La. Nov. 13, 2017) ("When the defense of qualified immunity is raised in a Rule 12(b)(6) motion, 'it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal reasonableness.' The plaintiff must support his claim with 'sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.' When greater detail is required to address the defense of qualified immunity, the Court may insist that a plaintiff file a reply pursuant to Federal Rule of Civil Procedure 7(a) tailored to an answer pleading the defense of qualified immunity. 'The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.'") (internal citations and quotations omitted).

[37] *Id*. at 995. *See also*, *Backe*, 691 F.3d at 648 ("a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity. *After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'") (citing *Lion Boulos*, 834 F.2d at 507-508); *Zapata v. Melson*, 750 F.3d 481, 485 (5th Cir. 2014) ("The district court failed to make an initial determination that the plaintiffs' allegations, if true, would defeat qualified immunity, falling short of the finding required by *Backe* and *Wicks*; and unlike the court in *Lion Boulos*, the district court did not identify any questions of fact it needed to resolve before it would be able to determine whether the defendants were entitled to qualified immunity."); *Randle*, 666 Fed. Appx. 336, n. 6 (noting that the "narrow exception to the general rule that qualified immunity should be decided as early in the litigation as possible" is only applicable where the district court first determines that "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity" and second finds that despite plaintiff's pleadings it is still unable to rule on the immunity defense without further clarification of the facts.).

[38] *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015).

[39] *Id*.

order limited discovery if the court remains unable to rule on the immunity defense without further clarification of the facts."[40]

The focus of Plaintiff's opposition to the Motion to Stay Discovery is that the EBRSO Defendants' are incorrect that Sheriff Gautreaux has only be sued in his individual capacity and that because he has been sued in his official capacity, the defense of qualified immunity is not available. As discussed above, the issue of whether Sheriff Gautreaux is entitled to qualified immunity is currently before the District Judge in the context of the EBRSO Defendants' Motion to Dismiss.[41] Based on the careful procedure established by the Fifth Circuit, discovery as to Sheriff Gautreaux should be stayed pending resolution of the issues raised in the Motion to Dismiss.[42]

Finally, the undersigned finds that the stay of discovery in this matter should apply to discovery as to all defendants, including Sheriff Gautreaux's insurer, Nova.[43] In support of their Motion to Dismiss, the EBRSO Defendants have asserted that "[s]ince Nova is only sued as the insurer of the Sheriff Gautreaux, to the extent that any and/or all claims are dismissed against Sheriff Gautreaux they should also be dismissed against Nova."[44] Accordingly, whether Nova may also benefit from Sheriff Gautreaux's qualified immunity defense is an issue to be considered

---

[40] *Id.*

[41] Other than asserting that qualified immunity is not at issue based on the capacity question, Plaintiff does not further address the appropriateness of a stay of discovery as to Sheriff Gautreaux. *See*, R. Doc. 90, p. 2 ("Without qualified immunity being available to Sheriff Gautreaux in his official capacity in this lawsuit, the restrictions on discovery that arise from qualified immunity do not apply to Sheriff Gautreaux.").

[42] R. Doc. 83.

[43] In their Reply, the EBRSO Defendants state that they have "no objection to the other defendants and Plaintiff engaging in *written* discovery;" however, the EBRSO Defendants "object to the Plaintiff and other defendants taking depositions in this case while Sheriff Defendants' motion to dismiss is pending. Sheriff Defendants would be compelled to participate in the depositions of the other defendants and/or fact witnesses if they are taken while his motion to dismiss asserting qualified immunity is pending, which would be contrary to the protections afforded public officials by qualified immunity." R. Doc. 98, p. 5.

[44] R. Doc. 83-1, p. 34.

8

by the District Judge.[45] Further, with respect to all defendants in this matter, the Supreme Court has explained that "[t]he basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"[46] "It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery."[47]

Here, although only the EBRSO Defendants have moved to stay discovery, the undersigned finds that staying discovery as to all parties in this suit would "further[] [the EBRSO Defendants'] interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense."[48] Especially in light of Plaintiff's allegations that all defendants participated in a civil conspiracy in violation of Plaintiff's civil rights, the undersigned finds that the EBRSO Defendants would feel compelled to participate in discovery efforts, such as depositions of other witnesses, prior to

---

[45] In any event, it is unclear what discovery from Nova Plaintiff would seek. Nova, as the alleged insurer of Sheriff Gautreaux, presumably would not have any knowledge regarding the underlying facts of this suit.

[46] *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236, (1991) (KENNEDY, J., concurring in judgment)).

[47] *Id*. at 685-686. *See also*, *Wilson*, 2017 WL 4685002, at * 2 (staying discovery against all defendants because "staying all discovery to permit resolution of the qualified immunity defense that has been asserted by Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock furthers their interests in being shielded from the burdens of being required to participate in discovery (even discovery that is not directed specifically to them), pending resolution of the defense. For example, even if this Court were to limit the stay order to only discovery directed to Sgt. Sharp, Lt. Oliveaux and Capt. Spurlock, those individuals might still feel compelled to participate in the discovery process related to others, such as depositions of other witnesses that may be scheduled prior to resolution of the qualified immunity issues.") (internal citation omitted).

[48] *Wilson*, 2017 WL 4685002, at * 2.

resolution of the Motions to Dismiss. However, in light of the EBRSO Defendants' assertion that they do not object to the non-moving defendants and Plaintiff engaging in written discovery, the court will allow such written discovery to proceed.

### III. Conclusion

For the reasons set forth herein, the Motion to Stay Discovery filed by the EBRSO Defendants[49] is **GRANTED IN PART**.

**IT IS HEREBY ORDERED** that discovery in this matter, with the exception of written discovery between Plaintiff and the non-moving defendants (*i.e.*, parties other than EBRSO Defendants), is **STAYED** pending resolution of the issues raised in the Motion to Dismiss.[50]

Signed in Baton Rouge, Louisiana, on May 14, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[49] R. Doc. 80.

[50] R. Doc. 83.